*Attorney-General, for appellee.*

---

## J. C. Furnish *v.* J. R. Brown, etc.

**Statutes—Construction.**

> The courts will not so construe apparently repugnant provisions of an act of the Legislature as to make it defeat the object which it was attempted to accomplish, unless its provisions are so utterly inconsistent that it is impossible to harmonize them.

APPEAL FROM GALLATIN CIRCUIT COURT.

June 14, 1873.

Opinion by Judge Lindsay:

The direct and immediate cause of the verdict for the appellees was the peremptory instruction of the court to the jury so to find. To this instruction appellant objected, but he did not make the action of the court in giving it a ground for a new trial.   For this reason alone this court might well refuse to reverse, but for the satisfaction of the parties in interest the case will be considered as though this oversight had not been committed.

That provision of the charter of the town of Warsaw which provides that "Before entering upon the duties of his office, each member of the board shall appear before some justice of the peace of the county and make oath that he will perform the duties of his office to the best of his skill, and a certificate to that effect must appear

on the record book of the board," does not admit of the construc-
tion insisted upon by appellant. The powers, rights and duties of
the trustees result from their election and qualification. The certifi-
cate of their qualification is required to be made matter of record
by the board, so that there may be permanent and unmistakable
evidence of the fact. Possibly in a case in which the trustees are
required to show that they were qualified by taking the required
oath, this record would be the only competent evidence by which
to establish such qualification.

This question, however, we do not here decide. In this case
all difficulty on this point is removed by the admission appearing
in the bill of evidence "that said trustees were duly elected * * *
and had taken the oath of office, but that the same had never been
recorded as required by law."

Having been elected, and having taken the oath required by law,
the trustees had the right to pass ordinances for the proper govern-
ment and regulation of the municipality.

The ordinance under which appellant was arrested and in one in-
stance fined was a proper and possibly a necessary police regulation,
in no wise inconsistent with the construction or general laws of
either the federal or state government. *McKee v. McKee*, 8 B.
Monroe 433. The board of trustees had power to adopt it, inde-
pendent of the special provisions of the charter of the town of War-
saw under Sec. 1, Article 3, Chapter 100 of the Revised Statutes.
The 33d section of the charter of Warsaw does not render nugatory
all the preceding sections. It repeals all other laws providing for
the government or organization and control of said town, and sub-
stitutes that charter for the laws thereby repealed. The courts will
not so construe apparently repugnant provisions of an act of the
legislature as to make that body defeat the object it attempted to
accomplish, unless they are so utterly inconsistent that it is impos-
sible to harmonize them. No such impossibility exists in this case,
and the evident and unmistakable will of the lawmaking power must
be enforced, although it is somewhat obscurely expressed.

Perceiving no error in the proceedings of the circuit court prejudi-
cial to the rights of appellant, the judgment is *affirmed*.

*J. C. Furnish, for appellant.*

*Landrum, for appellee.*